IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MERNETTA E. HARRISON, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CV160 |
| | ) | |
| v. | ) | |
| | ) | |
| DEUTSCHE BANK, NA, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant's motion for sanctions and motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 41(b) (Filing No. 7) and plaintiff's motion to remand to state court (Filing No. 15).  After reviewing the motions, briefs, relevant case law, and evidence, the Court will grant defendant's motion to dismiss, deny defendant's motion for sanctions, and deny plaintiff's motion to remand.

**I.  Background and Procedural History**

Plaintiff (Harrison) has filed two similar suits against defendant, who calls itself "DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for the registered holders of New Century Home Equity Loan Trust, Series 2005-B, Asset Backed Pass-Through Certificates" ("Deutsche Bank") (Filing No. 1 at 1).

> **A. Previous Case:  Chief Judge Joseph Bataillon, 8:10CV255 ("*Harrison I*")**

Harrison filed her first complaint against Deutsche Bank on April 13, 2010, in the District Court of Douglas County, Nebraska (*Harrison I*, Complaint, Ex. A, Filing No. 1).  Deutsche

Bank removed the action to the United States District Court for the District of Nebraska, pursuant to 28 U.S.C. § 1332, claiming jurisdiction based on diversity of citizenship and an amount in controversy exceeding $75,000 (*Harrison I*, Filing No. 1, at 2). Harrison did not contest jurisdiction in *Harrison I*.

On July 22, 2010, Deutsche Bank filed a motion to dismiss, or, in the alternative, for a more definite statement (*Harrison I*, Filing No. 4). Harrison did not file a brief in opposition to the motion. Judge Bataillon denied the motion to dismiss (*Harrison I*, Filing No. 19, at 5). Deutsche Bank filed an answer to the complaint on November 19, 2010 (*Harrison I*, Filing No. 24).

The magistrate judge scheduled a planning conference to be held on December 16, 2010, at 10:30 a.m.; Harrison's counsel was to initiate the call (*Harrison I*, Filing No. 13, at 2). Harrison's counsel did not initiate the call and did not respond when the magistrate judge attempted to contact him. On January 25, 2011, the magistrate judge imposed sanctions on Harrison's counsel of $150 pursuant to Federal Rule of Civil Procedure 16(f) "for reasonable attorney fees in favor of the defendant" (*Harrison I*, Filing No. 33). Harrison's counsel was to have thirty days to make payment to defendant's counsel. Harrison's counsel finally paid the $150 over two months later in early April 2011.

Meanwhile, because Harrison did not comply with Deutsche Bank's discovery requests, on January 13, 2011, Deutsche Bank filed a motion to compel Harrison to provide initial disclosures and responses to requests for production of documents (*Harrison I*, Filing No. 30). Deutsche Bank asked for sanctions to require Harrison to pay Deutsche Bank's attorney fees in connection with the discovery requests.

On January 26, 2011, Harrison filed a motion to dismiss without prejudice, where she agreed to pay $984 in attorney fees to Deutsche Bank as requested in Deutsche Bank's motion to compel (*Harrison I*, Filing No. 34). On February 1, 2011, the motion to dismiss without prejudice was granted (*Harrison I*, Filing No. 36). To date, Harrison has not paid the $984.

**B. Present Case:  8:11CV160 ("*Harrison II*")**

Less than three months later, on April 12, 2011, Harrison filed a second complaint in the District Court of Douglas County, Nebraska, which, aside from the date, appears to be identical to the complaint filed in *Harrison I* (Complaint, Ex. A, Filing No. 1). Deutsche Bank again removed the action to the United States District Court for the District of Nebraska, pursuant to 28 U.S.C. § 1332, claiming jurisdiction based on diversity of citizenship and an amount in controversy exceeding $75,000 (Filing No. 1, at 2).

On June 7, 2011, Deutsche Bank filed the motion to dismiss and motion for sanctions that are before the Court today

(Filing No. 7), along with a brief (Filing No. 8) and index of evidence (Filing No. 9). On July 28, 2011, Deutsche Bank filed a supplemental brief in support of its motion to dismiss and motion for sanctions (Filing No. 14). Harrison did not file a brief in response to the motion to dismiss and the motion for sanctions. Instead, Harrison filed a motion to remand to state court (Filing No. 15).

**II.   Motion to Remand to State Court.**

On August 9, 2011, Harrison filed a motion to remand to state court, stating that the notice of removal was based on 28 U.S.C. § 1331, federal question jurisdiction (Filing No. 15). Harrison went on to explain in some detail why federal question jurisdiction is not proper. However, the notice of removal is not based on 28 U.S.C. § 1331. The notice of removal is based on 28 U.S.C. § 1332, diversity jurisdiction. Therefore, the motion to remand will be denied.

**III.  Motion to Dismiss.**

"The party opposing a motion . . . must file a brief that concisely states the reasons for opposing the motion and cites to supporting authority." NECivR 7.0.1(b)(1)(A). "Failure to file an opposing brief is not considered a confession of a motion but precludes the opposing party from contesting the moving party's statement of facts." NECivR 7.0.1(b)(1)(C). Thus the Court will assume that Deutsche Bank's statement of the facts is established.

Federal Rule of Civil Procedure 41(b) states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). When considering a Rule 41(b) dismissal, "[T]he sanction imposed by the district court must be proportionate to the litigant's transgression." *Rodgers v. Curators of Univ. of Mo.,* 135 F.3d 1216, 1219 (8th Cir. 1998). "Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint." *Givens v. A.H. Robins Co.*, 751 F.2d 261, 263 (8th Cir. 1984).

"When determining whether or not to dismiss a case with prejudice a district court should first consider whether any less-severe sanction could adequately remedy the effect of the delay on the court and the prejudice to the opposing party." *Smith v. Gold Dust Casino*, 526 F.3d 402, 406 (8th Cir. 2008) (citation omitted). "[W]hile a warning from the district court that a particular litigant is skating on the thin ice of dismissal is encouraged, . . . this circuit has yet to hold that such an admonition is necessary to sustain a Rule 41(b) dismissal and declines to so hold now." *Rodgers*, 135 F.3d at 1221 (internal citation omitted).

-5-

Deutsche Bank cites numerous examples of Harrison's willful and persistent noncompliance with court rules and court orders, as follows:

1. Failure to provide initial disclosures in compliance with Federal Rule of Civil Procedure 26(a)(1) during discovery in *Harrison I*.

2. Failure to respond to Deutsche Bank's request for production within thirty days in compliance with Federal Rule of Civil Procedure 34(b)(2)(A) during discovery in *Harrison I*.

3. Failure to file a brief in opposition to Deutsche Bank's motion to dismiss in *Harrison I*.

4. Failure to comply with the magistrate judges's scheduling order in *Harrison I* regarding initiating the call for the planning conference.

5. Failure to timely pay, within thirty days, the court-ordered $150 sanction for failure to initiate the planning conference call.

6. Failure to pay the $984 sanction for noncompliance with discovery rules as promised in Harrison's own motion to dismiss without prejudice in *Harrison I*.

7. Failure to file a brief in opposition to Deutsche Bank's motion to dismiss and motion for sanctions in this action.

> 8. Filing of a baseless motion to remand to state court in this action.

The Court notes that Harrison was duly warned by the magistrate judge in *Harrison I* that "[t]he Federal Rules of Civil Procedure provide authority for the court to impose sanctions, including dismissal of an action, for failure to abide by court orders or participate in good faith to insure the progression of the case. Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 41(b)" (*Harrison I*, Filing No. 33, at 1). As Deutsche Bank points out, less severe sanctions such as a court order and the imposition of monetary sanctions have not resulted in any observable improvement in compliance by Harrison.

The Court finds that Harrison has failed to prosecute this action and has failed to comply with this Court's orders, the Federal Rules of Civil Procedure, and the Civil Rules of the United States District Court for the District of Nebraska. The Court finds that Deutsche Bank has been obliged to expend considerable time and expense defending itself in two actions that Harrison has ultimately failed to prosecute. The Court finds that this action should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b). Thus the Court need not consider the motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

**IV.  Motion for Sanctions.**

The motion for sanctions (Filing No. 7) will be denied. A separate order will be entered in accordance with this memorandum opinion.

DATED this 7th day of October, 2011.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court